IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 96-30357

———————————————

MILTON MOSBY, ET AL.,

                              Plaintiffs,

MILTON MOSBY; JOE N. MERRITT,

                              Plaintiffs-Appellees-
                              Cross-Appellants,

LENWARD E. GOREE,

                              Plaintiff-Appellant,

                    versus

WADE CORRECTIONAL CENTER, ET AL.,

                              Defendants,

STATE OF LOUISIANA, on behalf of
Louisiana Department of Public
Safety and Corrections; RICHARD L.
STALDER; JERRY CANTRELL; REUBEN
COMPTON,

                              Defendants-Appellants-Appellee,
                              Cross-Appellees.

            --------------------------------

LENWARD E. GOREE, ET AL.

                              Plaintiffs,

LENWARD E. GOREE,

                              Plaintiff-Appellant,

and JOE N. MERRITT,

                              Plaintiff-Appellee-
                              Cross-Appellant,


                    versus

BRUCE N. LYNN, ET AL.,

                              Defendants,

RICHARD L. STALDER; JERRY
CANTRELL; REUBEN COMPTON;
STATE OF LOUISIANA, also known
as Louisiana Department of
Public Safety and Corrections,

                                   Defendants-Appellants-Appellees
                                   Cross-Appellees.


---

Appeal from the United States District Court
for the Western District of Louisiana

---

March 11, 1997

Before GARWOOD, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

We have carefully considered the arguments of counsel for the parties as presented in open court, the pertinent portions of the record, and the appellate briefs filed by the parties, as a result of which we are satisfied that the district court committed no reversible error and should be affirmed to the extent that under Title VII it held the State of Louisiana liable for monetary damages to plaintiff-appellees Mosby and Merritt but exonerated the State of Louisiana from any liability to plaintiff-appellant Goree. The record makes clear that the State of Louisiana was not just the true party defendant at interest but, regardless of the absence of formal service of process, was an actively participating litigant essentially from the outset of the instant litigation. This is confirmed not only by the state's direct participation but also by its pleadings, many of which undeniably constitute general

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

appearances.    We  find  no  reversible  error  in  the  quantum  or characterization of the various damage awards by the district court or in that court's denial of reinstatement of employment of the prevailing plaintiffs.  Even though there appears to have been some confusion  regarding  the  incidents  on  which  the  termination  of employment  of  plaintiff-appellee  Milton  Mosby  was  based,  the district court subsequently clarified the situation sufficiently to be sustained on appeal.  Consequently, all orders and judgments of the district court are,

AFFIRMED.[2]

---

[2]Judge Garwood would reverse as to plaintiff-appellee Mosby, and thus dissents from that portion of the judgment affirming the award to Mosby.